IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 NOV -8 AM 6:44

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| CAROL TERESA HART, by and through her parent and next friend, BEVERLY CAROL HART, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 03-2845 DV |
| SHELBY COUNTY SCHOOL DISTRICT, and DR. BOBBY WEBB, in his official capacity as Superintendent , | ) ) ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION ON DEFENDANT SHELBY COUNTY SCHOOL DISTRICT'S MOTION TO AFFIRM FINDING OF ADMINISTRATIVE LAW JUDGE AND TO DISMISS**

Before the court is the March 7, 2005 motion of the defendant, Shelby County School District ("Shelby County"), to affirm the finding of the Administrative Law Judge and to dismiss this lawsuit. Beverly Hart, the mother of plaintiff Carol Hart, filed a written *pro se* response on April 28, 2005, in opposition to Shelby County's motion to dismiss. At a status conference on July 28, 2005, U.S. District Judge Bernice B. Donald gave Carol Hart fifteen days to supplement her response to the motion to dismiss. Judge Donald referred the motion to dismiss to the United States Magistrate Judge for a report and recommendation and with instructions to conduct a hearing. For the reasons that follow, it

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 11-8-05



is recommended that Shelby County's motion to dismiss be granted.

This lawsuit arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794. Beverly Hart filed this lawsuit on behalf of her daughter, Carol Hart, on November 14, 2003. Beverly Hart alleges that Shelby County violated the IDEA and Section 504 by denying Carol Hart a free and appropriate public education ("FAPE") by failing to include her in the regular education curriculum.

Prior to filing the suit in the United States District Court, Beverly Hart filed a due process hearing request on behalf of her daughter Carol. (ALJ Order at 1.) A due process hearing was conducted from July 14, 2003 through July 17, 2003 before an Administrative Law Judge ("ALJ"), with each party presenting witnesses to support their respective positions. (*Id.*) At the due process hearing, Beverly Hart represented her daughter, Carol Hart. The parties stipulated to several issues for determination by the ALJ that were related to whether Shelby County violated the IDEA and/or Section 504. (*Id.* at 3-7.) In accordance with his conclusions on each issue, the ALJ dismissed Beverly Hart's petition as without merit as to all issues. (*Id.* at 29.)

Beverly Hart subsequently filed this action, again without legal representation. Upon Beverly Hart's motion for appointment

2

of counsel and after much difficulty in procuring *pro bono* counsel, counsel was appointed to represent Carol Hart. Unfortunately, subsequent events led to the withdrawal of the appointed counsel. Beverly Hart filed a second motion for appointment of counsel on March 16, 2005, which was denied. At a status conference before Judge Donald on May 23, 2005, Beverly Hart renewed her motion *ore tenus* for appointment of counsel. The court granted reconsideration of the order denying the motion for appointment of counsel and took it under advisement. The motion is still pending. To date, the court has not been successful in locating new *pro bono* counsel for Carol Hart.

On September 19, 2005, Shelby County filed another motion to dismiss because Carol Hart is not represented by an attorney and because the Sixth Circuit has held that a non-lawyer parent may not represent his or her child in an action brought under the IDEA. Although the court has not referred the September 19, 2005 motion to the United States Magistrate Judge, the legal authority cited therein impacts the court's report and recommendation on the March 7, 2005 motion to dismiss that was referred to the magistrate judge. Specifically, Shelby County discusses *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F. 3d 753 (6th Cir. 2005), decided May 18, 2005, in which the Sixth Circuit held that "non-lawyer parents may not represent their child in an action brought under the IDEA."

3

*Id.* at 756.[1]

In the *Cavanaugh* case, a child's parents ("the Cavanaughs") alleged that the school district failed to provide their son with FAPE as required by the IDEA. *Id.* at 755. Although the Cavanaughs were represented by counsel in all previous administrative and district court proceedings, they appealed pro se to the Sixth Circuit. *Id.* at n2. The court stated that, pursuant to 28 U.S.C. § 1654, the Cavanaughs had a right to act as their own counsel. *Id.* at 755. In addition, under both the IDEA and Rule 17(c) of the Federal Rules of Civil Procedure, the Cavanaughs could sue or defend on behalf of their minor child. *Id.* The court recognized, however, that those provisions do not permit parents to serve as legal counsel for their minor child "because a minor's personal cause of action is her own and does not belong to her parent or representative." *Id.* (quoting *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002)) (additional citations omitted).

The *Cavanaugh* court then analyzed the provisions of the IDEA to determine if the statute specifically allows parents to serve as legal counsel for their child, thereby abrogating the common law principles described above. *Id.* at 755-56. The court found that,

---

[1] The Sixth Circuit followed the holding in *Cavanaugh* in an unpublished case decided on September 20, 2005. *See Winkelman v. Parma City Sch. Dist.*, 2005 WL 2293484 (6th Cir. (Ohio), Sept. 20, 2005) (not selected for publication in the Federal Reporter).

although the IDEA and the federal regulations expressly grant parents the right to represent their child in administrative proceedings, the IDEA's provision that grants "any party aggrieved" access to the federal courts does not even mention parents. *Id.* at 756 (quoting 20 U.S.C. § 1415(i)(2)(A)) (additional citations omitted). As a result, the court concluded that the IDEA did not grant parents such a right in federal courts, and joined the Second, Third, Seventh, and Eleventh Circuits in holding that non-lawyer parents may not represent their child in IDEA actions. *Id.* at 756-57 (adopting *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 227 (3d Cir. 1998) and rejecting the reasoning of a contrary case, *Maroni v. Pemi-Baker Reg'l Sch. Dist.*, 346 F.3d 247 (1st Cir. 2003)) (additional citations omitted). The court also held that the Cavanaughs could not proceed on their own behalf because the child's right to FAPE is that of the child's alone and not the parents.[2]  *Id.* at 757. The court in *Cavanaugh* ultimately held that, unless the parents retained counsel for their son within

---

[2]Although the court acknowledged that the IDEA grants parents some procedural rights, it concluded that such rights exist only to ensure that the child's substantive right to FAPE is protected. The court concluded that "the right of [the] disabled child to a FAPE belongs to the child alone, and is not a right shared jointly with his parents. Therefore, any right on which the Cavanaughs could proceed on their own behalf would be derivative of their son's right to receive a FAPE, and wholly dependent upon the Cavanaughs' proceeding, through counsel, with their appeal on Kyle's behalf." *Id.* at 757.

thirty days, the court would dismiss the appeal. *Id.* at 757-58.

Because Carol Hart also asserts claims under Section 504, it is important to note that, similar to the IDEA, Section 504 requires that school districts implement "a system of procedural safeguards that includes . . . an impartial hearing with opportunity for participation by the person's parents or guardian and representation by counsel, and a review procedure." 34 C.F.R. § 104.36. Like the IDEA, Section 504 does not specifically provide a child's parents with the right to represent the child in federal court. In fact, Section 504's regulations state that compliance with the procedural safeguards of the Education of the Handicapped Act - the predecessor statute to the IDEA - is one means of meeting the procedural requirements of Section 504. *Id. See also Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281 (2d Cir. 2005)(refusing to hear non-attorney parent's appeal from the dismissal of claims brought on behalf of a child under Section 504 and other statutes).

Based on the Sixth Circuit's holding in *Cavanaugh*, Beverly Hart cannot represent Carol Hart in this matter. At a hearing on the referred motion to dismiss held October 20, 2005, Beverly Hart appeared for Carol Hart without an attorney. The court informed Beverly Hart that, according to the Sixth Circuit's holding in *Cavanaugh*, she could not represent Carol Hart in federal court and the hearing could not proceed without the appearance of an attorney

6

to represent Carol Hart. At Beverly Hart's request, the court allowed Beverly Hart additional time to obtain counsel for her daughter and rescheduled the hearing for November 3, 2005. The court warned Beverly Hart that if Carol Hart was not represented by counsel at the November 3, 2005 hearing, the court would recommend that Shelby County School District's March 7, 2005 motion to dismiss be granted.

At the November 3, 2005 hearing, Beverly Hart again appeared for Carol Hart without an attorney. Accordingly, it is recommended that Shelby County School District's March 7, 2005 motion to dismiss be granted because: (1) Beverly Hart cannot represent Carol Hart in federal court and she has not retained legal counsel for Carol Hart in this matter; and (2) for failure to prosecute and abide by the court's order under Rule 41(b).

Respectfully submitted this 7th day of November, 2005.

_/s/ Diane K. Vescovo_
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 72 in case 2:03-CV-02845 was distributed by fax, mail, or direct printing on November 8, 2005 to the parties listed.

---

Timothy W. Smith
LAW OFFICE OF TIMOTHY W. SMITH
2670 Union Extd.
Ste. 1200
Memphis, TN 38112

Beverly Carol Hart
1614 Sorghum Mill
Cordova, TN 38016

Honorable Bernice Donald
US DISTRICT COURT